UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

N.K. ON BEHALF OF C.K,

                                              Plaintiffs,    07-Civ.-9533 (SHS)

           -against-                            **ANSWER**

NEW YORK CITY DEPARTMENT OF EDUCATION,

                                              Defendant.

------------------------------------------------------------------- x

        Defendant, NEW YORK CITY DEPARTMENT OF EDUCATION, by its attorney Michael A. Cardozo, Corporation Counsel of the City of New York, as and for its Answer to the Complaint, dated October 24, 2007, respectfully alleges as follows:

1. Denies the allegations set forth in paragraph "1" of the Complaint, except admits that plaintiffs purport to proceed as set forth therein, and respectfully refers the Court to the statutory authority referred to therein for a complete and accurate statement of its provisions.

2. Denies the allegations set forth in paragraph "2" of the Complaint, except admits that plaintiffs initiated the administrative proceedings referred to herein, and respectfully refers the Court to the statutory authority referred to therein for a complete and accurate statement of its provisions.

3. Denies the allegations set forth in paragraph "3" of the Complaint, except admits that plaintiffs purport to invoke the jurisdiction of the Court as alleged therein, and respectfully refers the Court to the statutory authority referred to therein for a complete and accurate statement of its provisions.

4. Denies the allegations set forth in paragraph "4" of the Complaint, except admits that plaintiffs purport to set forth a basis for venue in this judicial district as alleged therein.

5. Denies the allegations set forth in paragraph "5" of the Complaint, except admits that N.K is the parent of C.K. who is a minor child, admits C.K. attended New York City Department of Education schools, and admits, on information and belief, that C.K. has been diagnosed with autism spectrum disorder and respectfully refers the Court to the statutory authority referred to therein for a complete and accurate statement of its provisions.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint, except admits that plaintiffs purport to proceed as described therein and respectfully refers the Court to the statutory authority referred to therein for a complete and accurate statement of their provisions.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint, except admits that the New York City Department of Education is the local educational agency in the City of New York.

9. Denies the allegations set forth in paragraph "9" of the Complaint, except admits that plaintiffs initiated an administrative proceeding (Case No. 50057) against the New York City Department of Education and respectfully refers the Court to plaintiffs' impartial hearing request in that proceeding for a complete and accurate statement of its contents.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint, except admits that persons affiliated with Myerson & Associates appeared for plaintiffs at times during the proceedings in Case No. 50057.

11. Denies the allegations set forth in paragraph "11" of the Complaint, and respectfully refers the Court to the decision of the IHO dated March 21, 2003, for a complete and accurate statement of its contents.

12. Denies the allegations set forth in paragraph "12" of the Complaint, except admits that plaintiffs filed a Notice of Claim on or about December 15, 2004 with the Office of the Comptroller, and respectfully refers the Court to the Notice of Claim for a complete and accurate statement of its contents.

13. Denies the allegations set forth in paragraph "13" of the Complaint, except admits that plaintiffs initiated an administrative proceeding (Case No. 100470) against the New York City Department of Education and respectfully refers the Court to plaintiffs' Impartial Hearing Request in that proceeding for a complete and accurate statement of their contents.

14. Denies the allegations set forth in paragraph "14" of the Complaint except admits that a hearing was conducted on November 9, 2005 and November 16, 2005, and respectfully refers the Court the decision of the IHO dated December 21, 2005, in that proceeding for a complete and accurate statement of their contents.

15. Denies the allegations set forth in paragraph "15" of the Complaint, and respectfully refers the Court to the decision of the IHO dated December 21, 2005, in that proceeding for a complete and accurate statement of their contents.

16. Denies the allegations set forth in paragraph "16" of the Complaint, except admits that plaintiffs initiated an administrative proceeding (Case No. 108070) against the New York City Department of Education and respectfully refers the Court to plaintiffs' Impartial Hearing Request in that proceeding for a complete and accurate statement of its contents.

17. Denies the allegations set forth in paragraph "17" of the Complaint except admits that a hearing was conducted on April 30, 2007 and May 30, 2007, and respectfully refers the Court to the case cited therein for a complete and accurate statement of its holding.

18. Denies the allegations set forth in paragraph "18" of the Complaint and respectfully refers the Court to decision of the IHO dated June 15, 2007, in that proceeding for a complete and accurate statement of their contents.

19. Denies the allegations set forth in paragraph "19" of the Complaint.

20. Denies the allegations set forth in paragraph "20" of the Complaint and respectfully refers the Court to the case authorities referenced therein for a complete and accurate statement of their findings.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

**FIRST AFFIRMATIVE DEFENSE:**

22. The Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

23. At all times relevant to the acts alleged in the Complaint, the conduct of defendant was lawful.

**THIRD AFFIRMATIVE DEFENSE:**

24. Some or all of plaintiffs' claims are barred by the applicable statute of limitations.

## FOURTH AFFIRMATIVE DEFENSE:

25. Plaintiffs have failed to provide documentation and information sufficient to support an award of reasonable attorney's fees.

## FIFTH AFFIRMATIVE DEFENSE:

26. Plaintiffs lack standing to assert the claims alleged in the Complaint.

**WHEREFORE,** defendant requests judgment dismissing the complaint and denying all relief requested therein, together with such other and further relief as the Court deems just and proper.

Dated:    New York, New York
          February 14, 2008

                                      Michael A. Cardozo
                                      Corporation Counsel of the
                                       City of New York
                                      Attorney for Defendant New York City Department
                                      of Education
                                      100 Church Street, Room 2-164
                                      New York, New York 10007
                                      212-788-0874

                                      By: _____
                                         Chevon Andre Brooks (CB 1616)
                                         Assistant Corporation Counsel

To:   Gary S. Mayerson, Esq.
      Mayerson & Associates
      330 West 38th Street, Suite 600
      New York, New York 10018
      (via ECF)